OPINION
After an officer observed defendant's erratic driving, defendant was stopped, failed the field tests, and was taken to the Fairborn Police Department where he tested in a breathalyzer in excess of .10 blood alcohol.
The defendant then, through counsel, filed a motion to suppress arguing that there were no grounds for the stop. The motion was overruled, but the magistrate's decision did not reach the defendant in time for him to file objections, and the trial court found defendant guilty after defendant offered a plea of no contest. The defendant appealed to this court arguing that he should have been allowed to file objections since he had not received the decision in time, this court agreed and remanded the case back for the timely filing of objections to the magistrate's report, which was subsequently done. This current appeal is from the final decision of the trial court, and the defendant argues only one assignment of error, to-wit:
"The trial court erred in overruling the suppression motion because the state failed to meet its burden of proving that it substantially complied with state regulations pertaining to maintenance of the bac datamaster."
The issue in the record is unclear as to whether the defendant, through his counsel, raised this particular argument to the trial court at all. However, the defendant filed a supplemental objection before the trial court which did raise the issue now presented on appeal. It is unclear whether the supplemental objection was timely, and it is quite clear that the trial court did not address the issue at all. We are mindful of the fundamental tenet of judicial review in Ohio that the cases should be decided on their merits. State v. Schiebel (1990), 55 Ohio St.3d 71, 82-83
and we will, therefore, address the issue on its merits.
The parties agreed to stipulate to the introduction of the prior and subsequent calibrations. T., p. 6. Defendant at no time presented evidence questioning the validity of the pre-test or the subsequent calibration of the breath-testing machine. Further, defendant admits that a proper and timely pretest calibration was performed.
However, upon addressing the merits, we find that the sole assignment of error raised by the appellant is without merit. In fact, the same issue has been raised before in this Court of Appeals. The issue before our court and with other district courts of appeals is whether the breath test in question occurred timely after a pretest calibration and whether it is also admissible in spite of the fact that a second calibration was not timely performed. This court has held that the test is timely and the untimely second calibration has no bearing in the admissibility of the test. City of Xenia v. Miller (Jan. 28, 1988), Greene App. No. 87CA53. Furthermore, this court reinforced that position in the City of Fairbornv. Mattachione (July 3, 1997), Greene App. No. 96-CA-68. Other appellate districts, namely the Third, Fourth, Sixth, Ninth, and Tenth have agreed with the judgment in our prior case. Only the Eleventh District has ruled to the contrary.
The defendant asked this court to overrule itself and follow the Eleventh District, but we are not of a mind to do this. This issue has been decided not just by this appellate district but by others as well, and we hereby overrule the assignment of error and affirm the judgment.
Brogan, P.J. and Fain, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).